**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| Michelle M Curtis,<br><br>      PLAINTIFF,<br><br>vs.<br><br>C & D COMPLETE BUSINESS SOLUTIONS, INC., d/b/a C & D Collections,<br><br>      DEFENDANT. | **Civil Action No.  CV-**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Michelle Curtis (hereinafter referred to as "Michelle" or "Plaintiff") by and through her attorney, L. Ashley Zubal, for her Complaint against the Defendant, C & D Complete Business Solutions, Inc. (hereinafter referred to as "C & D Collections or "Defendant"), alleges as follows:

## I.      INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.      JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.      PARTIES

3. Plaintiff, Michelle Curtis, is a natural person residing in Des Moines, Iowa.

4. Defendant, C & D Complete Business Solutions, Inc., is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Iowa Pediatric Dental, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.  FACTUAL ALLEGATIONS

10. The Plaintiff received initial correspondence from the Defendant dated May 7, 2010. C & D Collections was collecting on an alleged debt incurred with Iowa Pediatric Dental. The statement identified the original balance to be $380.48 but also indicated that the amount owed as of May 7 was $995.48. Apparently approximately $615.00 of the alleged debt consisted of fees and other charges. The correspondence was signed by a Juanita Page.

11. On or about June 17, 2010, a representative of the Defendant, a Juanita, left a detailed voice message on the Plaintiff's cell phone. Juanita stated in the message that the Plaintiff owed a debt and that the debt was past due. Juanita requested the Plaintiff contact her or that the Defendant would proceed to court and seek a judgment for the balance, along with court costs and other fees. Juanita failed to state the call was from a debt collector.

12. The Plaintiff received additional correspondence from the Defendant dated June 25, 2010. The correspondence was labeled a garnishment of wages for an original debt held with Iowa Pediatric Dental for an alleged amount of $1,010.48. Language in the letter consisted of, but is not limited to the following: "This letter is to inform you that we intend on serving your employer with legal documentation to garnish your wages…..legal forms will be submitted to the court within thirty days unless you contact C & D Collections." The word garnish was in bold.

At the time the correspondence was sent, no legal action had been taken against the Plaintiff by the Defendant. The Defendant did not have a judgment against the Plaintiff for the alleged debt. The correspondence was signed by a Juanita Page.

13. On or about July 15, 2010, the Plaintiff forwarded correspondence to the Defendant via certified mail. The Plaintiff disputed the debt and requested verification of the debt. The Plaintiff requested the Defendant cease contacting her or any other third parties for which they had contact information. The Plaintiff requested the Defendant cease credit reporting until the debt was properly verified. Among other requests, the Plaintiff further specifically requested that the Defendant not contact her or any other third parties by telephone as the Plaintiff had other persons who had access to her voicemail. The certified mail receipt reflects the Defendant received the Plaintiff's correspondence on July 19, 2010, and was signed by Sonya Cummings.

14. On or about July 23, 2010, the Plaintiff received an additional detailed voice message left by Juanita, representative of the Defendant. Juanita again stated in the voice message that the Plaintiff had a past due balance and unless she contacted the Defendant to set up a payment arrangement, the Defendant would institute court proceedings against her and seek a judgment including the alleged balance, court costs and other fees. Juanita failed to state the call was from a debt collector.

15. The Plaintiff received a bright orange folded piece of construction paper from the Defendant, postage dated September 6, 2010. On the back of the folded correspondence, opposite the address and postage, the following message appeared in large bold print "PAST DUE!!!." The correspondence also indicated past due account in smaller print on the side identifying the addresses and postage. The label was visible to any third parties which may have viewed the correspondence from the time it was mailed to the point at which it was received by the Plaintiff. The Plaintiff received another, identical form of correspondence dated November 18, 2010.

16. The Plaintiff received correspondence from the Defendant dated September 22, 2010. The correspondence identified the original alleged debt with Iowa Pediatric Dental as $380.48 and the amount due and owing on September 22 to be $1,040.48. The Defendant purports to provide verification of the debt by including an attached invoice from Iowa Pediatric Dental. The invoice provided shows the Plaintiff owing a zero balance as of 11/09/2007. The documentation also fails to account for and provide an accounting for the fees and charges, a difference of

current amount due and the original balance which amounts to $660.00. The Defendant includes an invoice drafted by C & D Collections showing that as of May, 2007, the Plaintiff owed to Iowa Pediatric Dental $380.48 and also additional "rebilling fees" in the amount of $585.00 and a "one time collection fee" in the amount of $75.00. The correspondence was signed by Stephanie Mitchell, Collection Agent.

17. The Plaintiff received additional correspondence from the Defendant dated October 21, 2010. The correspondence was labeled a garnishment of wages for an original debt held with Iowa Pediatric Dental for an alleged amount of $1,070.48. Language in the letter consisted of, but is not limited to the following: "This letter is to inform you that we intend on serving your employer with legal documentation to garnish your wages…..legal forms will be submitted to the court within thirty days unless you contact C & D Collections." The word garnish was in bold. At the time the correspondence was sent, no legal action had been taken against the Plaintiff by the Defendant. The Defendant did not have a judgment against the Plaintiff for the alleged debt. The correspondence was signed by a Stephanie Page.

18. The Plaintiff also continued to receive approximately two voice message communications from the Defendant on September 09, 2010 and October 21, 2010. Each voice message took place after the Defendant received the cease and desist correspondence from the Plaintiff. Each voice message stated that the Plaintiff owed a debt and that the debt was currently past due. The representative requested the Plaintiff contact the Defendant. In each voice message, the representative, who identified herself as Stephanie, failed to state the call was from a debt collector. As indicated in her cease and desist letter, the Plaintiff had third parties who had access to her voice mail and certain third parties heard the voice messages which referenced the alleged debt.

19. The Plaintiff again received a voice message from the Defendant's representative, Stephanie, on November 18, 2010. Stephanie stated that she was calling with regard to a personal matter and requested the Plaintiff call her back.

20. The Defendant has continued to contact the Plaintiff approximately once a month between November, 2010 and November, 2011.

21. On or about November 23, 2011, a female representative of the Defendant left a voice message for the Plaintiff stating the call was from C&D and that is was urgent that the Plaintiff

return the call. The representative failed to state the call was from a debt collector and any information obtained would be used for that purpose.

22. As a result of the above-referenced communications, the Plaintiff has experienced the following including, but not limited to: embarrassment, humiliation, frustration, anger, stress, loss of sleep, headaches and anxiety which also contributed to physical manifestation of stress.

23. Further, the Plaintiff was in a constant state of fear that someone at her place of employment would be served with garnishment papers and that her wages would be garnished.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

24. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

25. C & D Complete Business Solutions, Inc. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692b(5) through the use of language on an envelope that indicated that the debt collector is in the debt collection business or that the communication related to the collection of a debt.

   b. The Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff in connection with the collection of an alleged debt during times or through mediums which are known to be inconvenient to the Plaintiff.

   c. The Defendant violated 15 U.S.C. § 1692c(b) by communicating information with regard to the collection of a debt to third parties without the Plaintiff's permission.

   d. The Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with the Plaintiff via telephone after the Defendant received a cease and desist letter from the Plaintiff that specifically requested the Defendant not contact her by telephone.

   e. The Defendant violated 15 U.S.C. § 1692d(5) by engaging in behavior the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   f. The Defendant violated 15 U.S.C. § 1692e(2)(a) through a false misrepresentation of the character, amount, or legal status of the debt.

    g. The Defendant violated 15 U.S.C. § 1692e(4) through a representation or implication that nonpayment of any debt will result in the garnishment of wages of the Plaintiff where the Defendant does not intend to garnish and where the Defendant cannot legally garnish.

    h. The Defendant violated 15 U.SC. § 1692e(5) through a misrepresentation or threat to take any action that cannot legally be taken or that is not intended to be taken.

    i. The Defendant violated 15 U.S.C. § 1692e(10) through the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    j. The Defendant violated 15 U.S.C. § 1692e(11) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    k. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

26. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

27. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

28. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

29. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24.

30. C & D Complete Business Solutions, Inc. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692b(5); 1692c(a)(1); 1692c(b); 1692c(c); 1692d(5); 1692e(2)(a); 1692e(4); 1692e(5); 1692e(10); 1692e(11); and 1692f.

    b. The Defendant violated Iowa Code § 537.7103(1) by engaging in attempts to collect a debt by means of illegal threat, coercion or attempt to coerce.

    c. The Defendant violated Iowa Code § 537.7103(2)(d) by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously or at unusual times or through mediums known to be inconvenient, with the intent to annoy, harass or threaten a person.

    d. The Defendant violated Iowa Code § 537.7103(3)(a) by communicating the fact that the Plaintiff owes an alleged debt to third parties without the Plaintiff's permission, to persons who would not be expected to be liable for the debt, for purposes other than to verify employment and more than once in a one month period.

    e. The Defendant violated Iowa Code § 537.7103(3)(c) through the dissemination of information relating to a debt on an envelope intended or so designed as to display or convey information about the debt to another person other than the name, address, and phone number of the debt collector.

    f. The Defendant violated Iowa Code § 537.7103(4)(b) by failing to state in the initial communications and communications subsequent that the communication is from a debt collector and any information will be used for that purpose.

    g. The Defendant violated Iowa Code § 537.7103(4)(e) through a false misrepresentation of the character, extent or amount of a debt, or of its legal status.

    h. The Defendant violated Iowa Code § 537.7103(4)(h) through the use of fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt by representing that an existing obligation of the debtor may be increased by the addition of fees or charges, when in fact such fees or charges may not legally be added to the existing obligation.

31. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

32. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

33. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

　/s/ L. Ashley Zubal  
L. Ashley Zubal IS9998256  
Marks Law Firm, P.C.  
4225 University Avenue  
Des Moines, IA 50311  
(515) 276-7211  
(515) 276-6280  
ATTORNEY FOR PLAINTIFF